FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 18, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LESLIE J.,<br><br>                    Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | NO: 1:18-CV-03214-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 10, 15. This matter was submitted for consideration without oral argument. The Plaintiff is represented by Attorney D. James Tree. The Defendant is represented by Special Assistant United States Attorney Thomas M. Elsberry. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 10, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 15.

**JURISDICTION**

ORDER ~ 1

Plaintiff Leslie J.[1] protectively filed for supplemental security income[2] on January 16, 2015, alleging an onset date of August 15, 2007. Tr. 290-95. Benefits were denied initially, Tr. 200-03, and upon reconsideration, Tr. 214-20. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on September 12, 2017. Tr. 67-119. Plaintiff had representation and testified at the hearing. *Id*. The ALJ denied benefits, Tr. 17-39, and the Appeals Council denied review. Tr. 1. The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

[2] As noted in the decision, Plaintiff amended her alleged onset date to January 8, 2015 at the hearing, and withdrew her request for Title II benefits. Tr. 21, 77. Accordingly, the ALJ dismissed Plaintiff's request for hearing under Title II of the Social Security Act, and noted the decision would address only the pending application for Title XVI benefits. Tr. 21.

ORDER ~ 2

Plaintiff was 34 years old at the time of the second hearing. Tr. 108. She was homeschooled through high school and got her GED. Tr. 46. Plaintiff lives with her ex-boyfriend and her 14-year old daughter. Tr. 79-80. She has work history as a customer service representative and telemarketer. Tr. 47-48, 107. Plaintiff testified that she cannot work because she "constantly [has] to lay down" due to her fibromyalgia and migraines. Tr. 48.

Plaintiff testified that she has "constant" headaches that "progressively get worse and worse and worse throughout the day, sometimes getting to the point of migraine." Tr. 87. She has to lay in a dark room, with no talking and no light when she gets a migraine. Tr. 87. Plaintiff testified that her fibromyalgia is "exhausting because the pain is constant and all over and it can feel like your skin is on fire or [you're] bruised or you've been hit by a semi-truck." Tr. 87. She reported that the intensity of her headaches were worsening; she had to "lay down or stand up, change positions after 30 minutes to an hour"; she cannot stand for more than 15 to 30 minutes; and she can walk for "maybe" 30 minutes. Tr. 90-91. Her fibromyalgia can be bad one day and "nonexistent" on another day, but she has bad days a couple of days a week; and on a bad day she just lays down and doesn't move. Tr. 91. She gets migraines a couple days a week and they can be triggered by high-pitched noises, bright lights, and smells. Tr. 92.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

ORDER ~ 3

limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to

ORDER ~ 4

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

ORDER ~ 5

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and

ORDER ~ 6

past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 16, 2015, the application date. Tr. 24. At step two, the ALJ found that Plaintiff has the following severe impairments: fibromyalgia, headaches, and carpal tunnel syndrome versus cubital tunnel syndrome. Tr. 24. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 27. The ALJ then found that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 416.967(b) with some exceptions. The claimant can lift and carry twenty pounds occasionally, and ten pounds frequently, sit for about six hours, and stand and/or walk for about six hours in an eight-hour day with regular breaks. She can occasionally push and/or pull within these exertional limits. The claimant

ORDER ~ 7

can occasionally climb ladders, ropes, and scaffolds, frequently climb ramps and stairs, balance, stoop, kneel and crouch, and occasionally crawl. She can frequently handle and/or finger, can do no feeling, and must avoid concentrated exposure to extreme heat and cold, noise, vibrations, pulmonary irritants, and hazards.

Tr. 28. At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a Customer Service Representative and a Telemarketer. Tr. 32. In the alternative, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: office helper, information clerk, and mail room clerk. Tr. 33-34. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since January 16, 2015, the date the application as filed. Tr. 34.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 10. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ failed to properly assess Listing 11.02B;
2. Whether the ALJ properly weighed the medical opinion evidence;
3. Whether the ALJ improperly discredited Plaintiff's symptom claims; and
4. Whether the ALJ improperly discredited the lay testimony.

## DISCUSSION

**A. Plaintiff's Symptom Claims**

ORDER ~ 8

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995,

1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. Tr. 29. However, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for several reasons. Tr. 29-31. Plaintiff argues that the ALJ failed to provide specific, clear, and convincing reasons for discrediting Plaintiff's subjective complaints. ECF No. 10 at 17-20. The Court agrees.

As an initial matter, the ALJ found Plaintiff's "activities throughout the relevant period are inconsistent with her allegations of extremely limiting symptoms." Tr. 30. Even where daily activities "suggest some difficulty functioning, they may be grounds for discrediting the [Plaintiff's] testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. However, as noted by Plaintiff, she need not be utterly incapacitated in order to be eligible for benefits. ECF No. 10 at 20 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Here, the ALJ found Plaintiff's ability to drive "is inconsistent with the allegations of limitations in concentration and focus" and "inconsistent with [Plaintiff's] allegations of serious problems using her arms." Tr. 30. Specifically, the ALJ noted that

> Plaintiff testified she has a driver's license and continues to drive, and described driving from her home in Sunnyside to Yakima, a trip that takes twenty minutes, and from a hotel where she stayed to the hearing. This evidence is inconsistent with allegations [that Plaintiff] had serious trouble driving [and] only drove to the grocery store on her own. In addition, driving, even if only for short distances, requires a level of activity that is inconsistent with [Plaintiff's] allegations. It requires constant attention, making decisions, using judgment, and the ability to react quickly to unexpected obstacles or hazards.

Tr. 30, 80-81, 102-03. In addition, the ALJ noted that Plaintiff "testified that she goes tent camping on a regular basis during the summer, and that she does some hiking." Tr. 30. However, as noted by Plaintiff, she also testified that on multiple occasions she had to cancel camping trips based on how she was feeling; she sleeps on a "comfortable" self-inflating mattress pad; she "hikes" only on a flat plane for half an hour at a time with rest breaks if needed; and she only goes camping a few times a year. ECF No. 10 at 19 (citing Tr. 100-01), Tr. 85-86. Moreover, it is unclear to the Court how the single instance of driving in order to be present for her disability hearing, as cited by the ALJ in support of this finding, and sporadic camping trips with limited physical requirements, rise to the level of substantial evidence in support of the wholesale rejection of Plaintiff's symptoms claims. Thus, the ALJ's finding that Plaintiff's "activities," which were entirely comprised of Plaintiff's ability to drive to the hearing and sporadic camping trips, are inconsistent with her allegations of "extremely limited symptoms," is not a clear and convincing reason, supported by substantial evidence, for the ALJ to reject Plaintiff's symptom claims.

ORDER ~ 11

Second, the ALJ noted that Plaintiff's treating providers "encouraged her to exercise or increase her level of physical activity," and found this advice was "inconsistent with [Plaintiff's] allegations she could not exercise or engage in physical activity due to extreme pain. [Plaintiff's] providers apparently do not agree with the allegations her impairments made her unable to exercise because they instructed her to increase her physical activity." Tr. 30-31. In support of this finding, the ALJ cited examining rheumatologist, Dr. Eric Mueller, who advised Plaintiff that "exercise was an important and necessary part of fibromyalgia management, that any resulting fatigue and pain did not represent tissue damage, and that she should gradually increase her level of activity." Tr. 30 (citing Tr. 401). Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).

However, as noted by Plaintiff, these "recommendations are not inconsistent with her testimony, particularly considering she attempted to exercise by activities such as walking." ECF No. 10 at 20 (citing Tr. 101). Moreover, in the same examination cited by the ALJ, Dr. Mueller simultaneously noted that "patients with fibromyalgia have fatigue and pain which may worsen after exercise," so the fact "[t]hat she was still extremely limited in her functioning despite recommendations to exercise for the sake of her fibromyalgia is therefore in no way discrediting." ECF No. 10 at 20 (citing Tr. 401). The Court agrees. The ALJ misconstrued a

ORDER ~ 12

mere recommendation by Plaintiff's examining provider that she "should take steps to gradually increase the level of activity," as evidence that "[Plaintiff's] providers do not agree with the allegations her impairments make her unable to exercise." Tr. 30. This is not a clear and convincing reason, supported by substantial evidence, for the ALJ to discount Plaintiff's subjective complaints.

Third, and in large part, the ALJ discounted Plaintiff's symptom claims because they were inconsistent with "physical examination findings found throughout the record." Tr. 29-30. Medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). However, an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair*, 885 F.2d at 601 (9th Cir. 1989).

Here, the ALJ set out, in detail, the medical evidence purporting to contradict Plaintiff's claims of disabling mental limitations, including: physical examination results of full range of motion in her extremities, no muscle atrophy, 5/5 muscle strength, and no motor or sensory deficits; denial of headache and joint pain at emergency room visits; and "routine" notes from Plaintiff's treating physician that generally "documented no abnormal findings on physical examination." Tr. 29 (citing Tr. 400, 433-37, 443, 445, 451, 454, 500-01, 505, 508, 521, 523, 552, 586, 685). The ALJ additionally found "the lack of

ORDER ~ 13

observations of [Plaintiff] presenting in distress or discomfort [during medical appointments] is inconsistent with [Plaintiff's] allegations of extremely limiting pain and constant symptoms." Tr. 30 (citing Tr. 399, 523, 551, 561, 589). Plaintiff argues the ALJ failed to properly consider that (1) her claimed impairments, migraines and fibromyalgia, "are conditions that cannot be objectively measured"; (2) normal clinical findings can be consistent with "debilitating fibromyalgia"; and (3) the record contained examination evidence of 12/18 trigger points, generalized tenderness, and slow gait and motor coordination. ECF No. 10 at 18-19 (citing Tr. 400, 493, 589). However, regardless of whether the ALJ erred in finding Plaintiff's symptom claims were not corroborated by objective testing and physical examinations, it is well-settled in the Ninth Circuit that an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857; *Bunnell*, 947 F.2d at 346-47; *Fair*, 885 F.2d at 601. As discussed in detail above, the additional reasons given by the ALJ for discounting Plaintiff's symptom claims were legally insufficient. Thus, because lack of corroboration by objective evidence cannot stand alone as a basis for a rejecting Plaintiff's symptom claims, the ALJ's finding is inadequate. On remand, the ALJ must reconsider Plaintiff's symptom claims.

**B. Additional Assignments of Error**

Plaintiff also challenges the ALJ's consideration of medical opinion evidence and lay witness statements; and the ALJ's conclusion at step three. ECF

ORDER ~ 14

No. 10 at 2-17.  In particular, the ALJ rejected the medical opinions of treating physician Dr. Ronald Couturier because they "did not include objective findings in support of the opinion evidence, and instead relied explicitly on [Plaintiff's] subjective statements," and they were inconsistent with Plaintiff's ability to drive.  Tr. 32.  However, regardless of whether Dr. Couturier's report was "largely based" on Plaintiff's self-report, as discussed in detail above, the ALJ's rejection of Plaintiff's symptom claims, including the reliance on a single instance of Plaintiff driving, was not supported by substantial evidence.  Because the analysis of the medical opinion evidence, the lay witness statement, and step three conclusions, is dependent on the ALJ's evaluation of Plaintiff's symptom claims, which the ALJ is instructed to reconsider on remand, the Court declines to address these challenges in detail here.  On remand, the ALJ is instructed to conduct a new sequential analysis.

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]"  *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court

may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered Plaintiff's symptom claims, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings. On remand, the ALJ must reconsider Plaintiff's symptom claims. The ALJ should also reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating the opinions, supported by substantial evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from a medical expert. Finally, the ALJ should reconsider the lay witness statements, and the remaining steps in the

ORDER ~ 16

sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 10, is **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** December 18, 2019.

                              *s/Fred Van Sickle*
                                Fred Van Sickle
                                Senior United States District Judge